IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA CASTILLO, § | | |
| Movant, § | | |
| § | | |
| v. § | No. 3:18-CV-1181-D-BT | |
| § | (3:08-CR-119-D (2)) | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
## **OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Teresa Castillo, a federal prisoner, has filed, through counsel, a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her federal sentence. *See* Dkt. Nos. 1 & 2. Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Castillo's Section 2255 motion was referred to the United States magistrate judge. Castillo's motion challenges her criminal judgment in *United States v. Castillo*, No. 3:08-cr-119-D (2) (N.D. Tex.). Because her Section 2255 motion is successive, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

### I.   BACKGROUND

In 2009, a jury found Castillo guilty of possession with the intent to distribute cocaine, and, on March 5, 2010, the Court sentenced Castillo to 151 months of imprisonment. *See United States v. Castillo*, No. 3:08-cr-119-D (2) (N.D. Tex.), Dkt. No. 255.

In 2011, Castillo filed her first Section 2255 motion, challenging her 2010 criminal judgment. *See Castillo v. United States*, No. 3:11-cv-420-D (N.D. Tex.). The Court denied that motion on its merits. *See Castillo v. United States*, No. 3:11-cv-420-D (N.D. Tex.), Dkt. No. 8.

In 2013, Castillo filed a successive Section 2255 motion, which the Court transferred to the United States Court of Appeals for the Fifth Circuit. *See Castillo v. United States*, No. 3:13-cv-3766-D (N.D. Tex.), Dkt. Nos. 2 & 4. The Fifth Circuit later denied her request for authorization to file her successive Section 2255 motion. *See In re Castillo*, No. 13-11168 (5th Cir. 2014).

In 2015, Castillo moved to reduce her sentence under 18 U.S.C. § 3582. The Court granted her motion and reduced her prison sentence to 122 months. *See United States v. Castillo*, No. 3:08-cr-119-D (2) (N.D. Tex.), Dkt. No. 304. Because the Court merely reduced Castillo's sentence under Section 3582, no "new" criminal judgment was created. *See United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding that when the district court reduces the defendant's sentence under Section 3582, the court merely modifies the existing sentence—without conducting a full resentencing—and so no new criminal judgment is created under *Magwood v. Patterson* 561 U.S. 320, 324 (2010)). And, the reduction in her sentence "[did] not wipe clean the slate of habeas applications that [she had] previously filed." *Jones*, 796 F.3d at 487.

2

Castillo, through counsel, now files this Section 2255 motion. *See* Dkt. Nos. 1 & 2. She again challenges her 2010 criminal judgment.

## II. LEGAL STANDARDS AND ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996, a movant may only file a successive motion for post-conviction relief if she first receives authorization from a three-judge panel of the United States court of appeals. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("In order to file a second or successive [habeas] application with the district court, 28 U.S.C. § 2244 provides that an applicant must first obtain authorization from the court of appeals."). The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, rather than this Court, is the proper initial gatekeeper for successive Section 2255 motions, Castillo's successive Section 2255 motion should be transferred to the Fifth Circuit pursuant to 28 U.S.C.

3

§ 1631 for appropriate action. *See, e.g.*, *Fulton*, 780 F.3d at 686 (transferring an unauthorized successive habeas application pursuant to Section 1631 is an alternative to dismissal of such an application).

### III. RECOMMENDATION

Therefore, the Court should transfer Castillo's current Section 2255 motion to vacate to the United States Court of Appeals for the Fifth Circuit for appropriate action.

SIGNED May 10, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).